UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CHARLES LEE DEWEY, III,

    Plaintiff,

        v.             CAUSE NO. 1:24-CV-532-CCB-SJF

GALPRIN,

    Defendant.

## OPINION AND ORDER

Charles Lee Dewey, III, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dewey alleges that he is gluten intolerant, and so consuming gluten can cause him diarrhea, stomach pain, indigestion, and bloody stool. When he entered the Allen County Jail on March 4, 2024, he requested a medical diet. Dewey alleges that he had medical records from a dietician at CHC Hospital that confirmed his diagnosis. He signed a release of information on March 13, 2024, so that the jail's medical staff could

get his medical records. He was told that once Dr. Galprin received those records, he would approve Dewey's medical diet.

Dewey alleges that on March 18, 2024, nursing informed him that Dr. Galprin had received the medical records, but he didn't approve the diet because he didn't like the dietician records. On March 28, 2024, Dewey met Dr. Galprin and explained to him the pain and severity of the symptoms he was experiencing from consuming the jail's meals, which contained a lot of gluten. Dr. Galprin still didn't approve a medical diet and instead ordered blood work. Dr. Galprin found the results of the bloodwork to be "inconclusive" and on March 31, 2024, he again denied approval of a medical diet.

Dewey met with Dr. Galprin again and reiterated that he was suffering from pain and bloody stool. This time, Dr. Galprin said if Dewey produced a bloody stool and had a nurse document it, the medical diet would be approved. On April 1, 2024, Dewey showed his bloody stool to a nurse and his medical diet was approved the next day. Dewey sues Dr. Galprin for unreasonably delaying approval of his medical diet.

Pretrial detainees are entitled to constitutionally adequate medical care under the Fourteenth Amendment, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to their health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). Whether a defendant provided reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant did a volitional act or made a deliberate choice not to act. *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation

marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that her action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "Reasonableness, in turn, must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020). It is possible that Dr. Galprin had legitimate medical reasons for not following the dietician's findings of gluten intolerance and demanding additional tests. But giving Dewey the inferences to which he is entitled at this stage of the proceedings, he may proceed against Dr. Galprin on a claim of objectively unreasonable medical care under the Fourteenth Amendment.

    For these reasons, the court:

    (1) **GRANTS** Charles Lee Dewey, III leave to proceed against Dr. Galprin in his individual capacity for compensatory and punitive damages for providing objectively unreasonable medical care by unreasonably delaying the approval of a gluten-free diet in violation of the Fourteenth Amendment;

    (2) **DISMISSES** all other claims;

    (3) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Galprin at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 1);

(5) **ORDERS** Quality Correctional Care, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Dr. Galprin to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 2, 2025.

                                         /s/*Cristal C. Brisco*
                                         CRISTAL C. BRISCO, JUDGE
                                         UNITED STATES DISTRICT COURT